UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **TONIA CREECH** )<br>)<br>   **Plaintiff,** )<br>)<br>   v. )<br>)<br>**INDIANA FAMILY & SOCIAL** )<br>**SERVICES ADMINISTRATION,** *et* )<br>*al.*, )<br>)<br>   **Defendants.** ) | Case No. 1:24-cv-00366-HAB-SLC |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Tonia Creech filed this case against Defendants, claiming she "nearly lost her day care business" as a result of Defendants' actions, which she contends violated the Due Process Clause under the Fourteenth Amendment and other protections. (ECF 1 at 1-2). Due to Creech's disregard for this Court's Orders and her apparent disinterest in pursuing her claims, the undersigned Magistrate Judge *sua sponte* recommends that Creech's claims be DISMISSED WITH PREJUDICE as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

### I. FACTUAL AND PROCEDURAL BACKGROUND

This Report and Recommendation is based on the following facts and principles of law: Creech filed this lawsuit *pro se* against Defendants on August 29, 2024. (ECF 1). On October 24, 2024, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), which remains pending and was referred to the undersigned Magistrate Judge to issue a report and recommendation. (ECF 8, 15). On October 30, 2024, the Court set a telephonic preliminary pretrial conference ("PPTC") for November 14, 2024, at 10:30am. (ECF 10). The

Court sent a copy of the docket entry setting the PPTC to Creech via U.S. Mail at her address of record. (*Id.*).

At the November 14, 2025, PPTC, Defendants' counsel appeared but Creech did not. (ECF 13). Due to Creech's failure to appear, the Court set a telephonic show-cause hearing and PPTC for December 10, 2024, at 10:30am. (*Id.*). The Court sent a copy of the docket entry setting the show-cause hearing and PPTC to Creech via U.S. Mail at her address of record. (*Id.*). The next day the Court also mailed Creech a Notice and Order that directed her to timely appear telephonically at the December 10, 2024, show-cause hearing and PPTC, and to show cause why she should not be sanctioned for her failure to appear at the November 14, 2024, PPTC. (ECF 14). Creech was warned in the Notice and Order that her failure to timely appear at the December 10, 2024, show-cause hearing and PPTC could result in sanctions, up to and including monetary fines and dismissal of her lawsuit. (*Id.* at 2).

On November 22, 2024, Creech filed a motion for an extension of time to respond to Defendants' motion to dismiss, stating she was seeking legal assistance concerning her case. (ECF 16). On November 26, 2024, Creech filed a notice of change of address with the Court. (ECF 17). That same day, Creech filed another motion for extension, apologizing for missing the November 14, 2024, hearing and stating that she did not receive the hearing notices until November 22, 2024, and that "[t]he Court and Defendants did not have [her] correct contact information . . . ." (ECF 18).[1]

---

[1] Of course, it is Creech's duty as a litigant to promptly file a notice of change of address with the Court when her mailing address changes. *See Young v. Furniture Discounters, Inc.*, No. 1:18-cv-00157-SEB-TAB, 2020 WL 70846, at *3 (S.D. Ind. Jan. 7, 2020) ("All litigants, even those proceeding *pro se*, have a duty to maintain a current address with this Court as well as a duty to monitor the docket. [A party] cannot hide behind his own neglect by failing to provide an effective means of contract regarding the case." (citation, internal quotation marks, and brackets omitted)).

2

On November 27, 2024, the Court converted the PPTC set for December 10, 2024, to a hearing on Creech's two motions for extension of time (ECF 16, 18) and a motion to stay discovery filed by Defendants (ECF 12). (ECF 19). In doing so, the Court affirmed that the show-cause hearing remained set for December 10, 2024. (*Id.*). The Court sent a copy of the docket entry converting the PPTC to a motions hearing and affirming the show-cause hearing to Creech via U.S. Mail at her address of record. (*Id.*).

At the December 10, 2024, show-cause and motions hearing, Defendants' counsel appeared but Creech did not. (ECF 21). Due to Creech's failure to appear, the Court set the matter over for a show-cause and motions hearing on January 14, 2025, at 10:00am, ordering Creech to appear in person. (*Id.*). The Court sent a copy of the docket entry setting the show-cause and motions hearing to Creech via U.S. Mail at her address of record. (*Id.*). Later that same day, *after* the time of the hearing, Creech filed a request to continue the December 10, 2024, hearing, stating that she was consulting with an attorney on December 17, 2024, and that the attorney would "file his appearance soon thereafter." (ECF 22). The Court subsequently denied the motion to continue as moot, given that it was filed after the December 10, 2024, hearing commenced. (ECF 24). On December 12, 2024, the Court mailed Creech a second Notice and Order that directed Creech to appear in person at the January 14, 2025, show-cause and motions hearing, and to show cause why she should not be sanctioned for her failure to appear at the November 14, 2024, PPTC and December 10, 2024, show-cause and motions hearing. (ECF 23). Creech was warned in the Notice and Order that her failure to timely appear at the January 14, 2025, show-cause and motions hearing could result in sanctions, up to and including monetary fines and dismissal of her claims. (*Id.* at 2-3).

At the January 14, 2025, show-cause and motions hearing, Defendants' counsel appeared but Creech did not. (ECF 25). Due to Creech's failure to appear, the Court set the matter over for a show-cause and motions hearing on February 18, 2025, at 10:30am, ordering Creech to appear in person. (*Id.*). The Court sent a copy of the docket entry setting the show-cause hearing and PPTC to Creech via U.S. Mail at her address of record. (*Id.*). The next day, the Court mailed Creech a third Notice and Order that directed her to appear in person at the February 18, 2025, show-cause and motions hearing, and to show cause why she should not be sanctioned for her failure to appear at the November 14, 2024, PPTC; the December 10, 2024, show-cause and motions hearing; and the January 14, 2025, show-cause and motions hearing. (ECF 26). Creech was cautioned in the Notice and Order that her failure to timely appear at the February 18, 2025, show-cause and motions hearing could result in sanctions, up to and including monetary fines and dismissal of her claims. (*Id.* at 2).

At the February 18, 2025, show-cause and motions hearing, Defendants' counsel appeared but Creech did not. (ECF 27). The Court indicated it would issue a report and recommendation to the district judge recommending dismissal of this case due to Creech's repeated failures to appear and apparent disinterest in her case. (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order. The "ultimate sanction [of dismissal] is reserved for cases in which the offending party has demonstrated

4

wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Further, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (collecting cases).

### III. DISCUSSION

Here, despite this Court's Orders requiring her presence, Creech failed to appear at the November 14, 2024, PPTC and the three show-cause and motions hearings on December 10, 2024, January 14, 2025, and February 18, 2025. (ECF 13, 21, 25, 27). This alone warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien*, 9 F.3d at 29 ("A determination that by disobeying [an order to appear at a PPTC or hearing] the plaintiff

5

failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 . . . ."). Further, the undersigned Magistrate Judge finds that Creech's repeated failures to appear when ordered is contumacious conduct warranting dismissal of this case pursuant to Rule 41(b) and the Court's "inherent power" to manage its own affairs "so as to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681 (citation omitted); *see also Alexander*, 321 F. App'x at 511 ("In three separate show-cause orders, the court formally warned the plaintiffs (through counsel) about the prospect of dismissal; the last of the orders elicited no response at all."); *Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice . . . ."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]he Court . . . finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

   Similarly, while the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal, *see Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993), the Court explicitly warned Creech in its Notice and Order dated January 15, 2025, that her claims may be dismissed if she failed to appear at the February 18, 2025, show-cause and motions hearing (ECF 26). This was the third of such warnings issued to Creech, as the Court had previously warned her in its Notice and Orders dated November 15, 2024, and

December 12, 2024, about the potential consequences of failing to appear at a Court show-cause and motions hearing—including dismissal of her claims against Defendants. (ECF 14, 23); *see Am. United Life Ins. Co. v. Greer*, No. 2:13-CV-220 JVB, 2014 WL 6388613, at *2 (N.D. Ind. Nov. 14, 2014) ("In this case, 'due warning' was formalized in two Show Cause Orders, as well as in other written reminders to the defendants of their need to participate in the proceedings, and the Court finds that dismissal is warranted by Defendant Bowman's failure to comply with the Orders to Show Cause or to otherwise participate in the proceedings . . . ."). As such, the Court has explicitly warned Creech of the possibility of dismissal of her claims, and the undersigned sees no need to further delay the dismissal of this action.

### IV. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that Creech's claims be DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Creech's failure to attend the PPTC and three subsequent show-cause and motions hearings, or to otherwise prosecute her case. The Clerk is directed to send a copy of this Report and Recommendation to Creech at her address of record.[2]

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE

---

[2] This Report and Recommendation does not address the pending motion to dismiss filed on October 24, 2024 (ECF 8), that was referred to the undersigned on November 20, 2024, to issue a report and recommendation (ECF 15). The motion to dismiss remains under advisement.

DISTRICT COURT'S ORDER. *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 25th day of February 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge