UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TONIA CREECH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:24-CV-366-HAB |
| | ) |
| INDIANA FAMILY & SOCIAL | ) |
| SERVICES ADMINISTRATION, et al. | ) |
| | ) |
| Defendant | ) |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Tonia Creech ("Creech") filed this case against Defendants, claiming she "nearly lost her day care business" because of Defendants' actions, which she contends violated the Due Process Clause under the Fourteenth Amendment and other protections. (ECF No. 1 at 1-2). Since she filed the case and paid the filing fee, Creech has disregarded this Court's orders and failed to prosecute her claims despite multiple warnings that dismissal could result. This inattention to her case and continued failure to take heed of the Court's orders led to the Magistrate Judge *sua sponte* recommending that the case be dismissed with prejudice as a sanction under Fed. R. Civ. P. 16(f)(1) and Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 28). That report and recommendation was filed on February 25, 2025. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed without any objections filed by the parties.

"If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739. As recounted above, the parties have not objected to the recommended disposition of the case and, for good reason. The Magistrate Judge issued a detailed decision and timeline demonstrating the efforts made by the Court to permit

Creech to prosecute her claims. Creech failed to appear at the November 14, 2024, PPTC and the three show-cause and motions hearings on December 10, 2024, January 14, 2025, and February 18, 2025. (ECF Nos. 13, 21, 25, 27). She was explicitly warned three times – on November 15 and December 12, 2024, and on January 15, 2025 (ECF Nos. 14, 23, 26) – that involuntary dismissal of her claims was a potential consequence of her nonappearances. She ignored them all.

The Magistrate Judge engaged in a thorough discussion of the relevant law and set forth the Plaintiff's actions that demonstrated why dismissal was appropriate under both procedural rules. The Court has reviewed the record in this case and finds that the R & R is not clearly erroneous and is amply supported by the record. Accordingly, the Court adopts in its entirety Magistrate Judge Collins' recommended disposition of the case.

## CONCLUSION

The Report and Recommendation (ECF No. 28) is ADOPTED IN ITS ENTIRETY. Creech's claims are DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Creech's failure to attend the PPTC and three subsequent show-cause and motions hearings, or to otherwise prosecute her case. The Clerk is directed to enter final judgment against Creech and in favor of Defendants.

SO ORDERED on March 17, 2025.

s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT
